# BURSOR & FISHER
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
www.bursor.com

PHILIP L. FRAIETTA
Tel: **646.837.7150**
Fax: **212.989.9163**
pfraietta@bursor.com

February 11, 2021

<u>*Via ECF*</u>

The Honorable Kimba M. Wood
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Hassan v. Fordham University*, Case No. 20-cv-03265-KMW-BCM (S.D.N.Y.)

Dear Judge Wood,

I write pursuant to Rule 1.A and 3.B of your Honor's Individual Rules & Practices and pursuant to the Court's January 28, 2021 Opinion & Order granting Defendant's motion to dismiss (ECF No. 34) (the "Order") to request leave to file a Second Amended Complaint in this matter. A red-lined copy of Plaintiff's Proposed Second Amended Complaint ("SAC") is attached hereto as Exhibit A.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." For the reasons set forth below, the Proposed SAC addresses all of the deficiencies the Court noted in its Order. Thus, Plaintiff respectfully requests that the Court grant him leave to file the Proposed SAC.

## I.   Fordham Promised To Provide In-Person Educational Services

In its Order, the Court found that Plaintiff "failed to plead the first element of its contract claim," because the First Amended Complaint did "not sufficiently plead[] that the implied contract with Fordham promises 'certain specified services,' and it does not identify a 'specific promise[]' to provide in-person education." Order at 13. The Proposed SAC corrects that deficiency. Plaintiff's SAC alleges that "Plaintiff and Fordham entered into a contractual agreement for specific services – an on-campus, in-person education at Fordham University in New York." SAC ¶ 3. Plaintiff supports that allegation with multiple bases.

<u>First</u>, the SAC references the Course Catalog. *See id*. ¶¶ 4-9; 42-47. Critically, the Proposed SAC alleges that "Fordham's Course Catalog does not include a reservation of rights to unilaterally change contracted for educational services from in-person to online remote format." *Id*. ¶ 9. That allegation addresses the Court's concern that "there are no express statements promising that these aspects of a course were not subject to change." Order at 10.

<u>Second</u>, the Proposed SAC references Fordham's Continuous University Strategic

Planning Plan (the "Plan"), which was enacted in 2015.  SAC ¶¶ 10-14.  Pursuant to the Plan, "Fordham developed and subsequently marketed to its prospective and current students a unique academic experience fundamentally centered around an in-person, on-campus academic experience and related on-campus services."  *Id.* ¶ 11.  By way of example, the Plan emphasizes Fordham's New York City-based location and the University's focus on "'deepening student engagement with New York City and the metropolitan region,' and encouraging students to 'learn from and contribute to the development of our surrounding neighborhood.'"  *Id.* ¶¶ 10-14.

In the Order, the Court distinguished the instant case from *Ford v. Rensselar Polytech Institute*, 2020 WL 7389155 (N.D.N.Y. Dec. 16, 2020) ("*RPI*").  In *RPI*, however, the Court denied RPI's motion to dismiss on the basis that RPI had issued a plan, like Fordham's Plan, that "describe[d] a (mandatory) on-campus learning experience that is integral to attending its school."  *Id.* at *4.  RPI's Plan, like Fordham's Plan, emphasized its campus and the benefits of its on-campus programs.  *Id.* at *4-5.

Third, the SAC cites Fordham's website and its numerous references to its New York City-based campus, on-campus events and activities, as well as its various on-campus amenities and facilities, such as computer labs, libraries, study rooms, fitness centers, and social lounges.  SAC ¶¶ 15-25.  Indeed, the SAC highlights Fordham's promise that "when classes are not in session, most of these labs are open to all members of the University community with a valid ID."  *Id.* ¶ 22.  These allegations are similar to those in *RPI*.  *See RPI*, 2020 WL 7389155, at *4-5.  They are also similar to those in *Bergeron v. Rochester Institute of Technology*, 2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020) ("*RIT*").  In *RIT*, the court denied RIT's motion to dismiss on the basis that RIT made representations substantially similar to those in Paragraphs 15-25 of the SAC.  *See RIT*, 2020 WL 7486682, at *1-2 (RIT made representations regarding its campus and location, computer labs, and on-campus events and activities).  In finding that  plaintiffs sufficiently specified a contractual promise for in-person education, the *RIT* court held "Plaintiffs identify a multitude of promises made by RIT regarding the benefits of its in-person, on-campus program, including opportunities to work directly with faculty in their labs, vibrant and diverse campus life, access to superior technology, and robust on-campus support."  *Id.* at *8.

In sum, the Order found that Plaintiff had failed to sufficiently allege "certain specified services" and to identify a "specific promise" to provide in-person education.  Order at 13.  The Proposed SAC – with its references to the Course Catalog, Plan, and Fordham's marketing materials – does just that.  *See, e.g.*, *RPI*, 2020 WL 7389155, at *5 ("Contrary to RPI's arguments, it made some bold claims—or, plausibly, promises—about its in-person programming and hammered repeatedly on the benefits of those programs in an assortment of circulars and even in its catalog.  As it stands, plaintiffs have thus adequately alleged, through both the catalog and the Plan, that defendant has released a publication expounding the virtues of its in-person programming that it ultimately did not provide.").

## II.     Fordham Acted Arbitrarily In Breaching Its Contract With Its Students

The Order also found that Plaintiff failed to "allege[] that Fordham acted in bad faith or arbitrarily with respect to retaining either tuition or any other fees."  Order at 17.  Specifically,

the Order noted "Plaintiff has not even identified the specific non-tuition fees to which the putative class may be entitled." *Id.* The Proposed SAC corrects that deficiency by alleging that Fordham's refusal to issue refunds was in bad faith and was done arbitrarily. SAC ¶¶ 36-38. In particular, the Proposed SAC notes that "although Fordham has refunded 50% of residence hall activity fees, 50% of general and lab fees, and 50% of ensemble fees, it has chosen not to refund other mandatory fees, such as its Technology Access Fee and its Health Insurance Fee. Fordham's decision to refund 50% of certain fees and not others is arbitrary." *Id.* ¶ 38. Indeed, Fordham's "Coronavirus Student FAQ" webpage provides no reason at all why the University decided to refund some fees while retaining tuition and other fees. As alleged in the Proposed SAC, Fordham simply states "Fordham University is committed to providing an environment where all students can complete their coursework for the Spring 2020 semester. Since the University continues to provide instruction via virtual classrooms, tuition will not be refunded. Other select charges for the Spring 2020 semester will be reduced as shown below." *Id.* ¶ 39. Thus, the Proposed SAC plausibly alleges that Fordham's decision to retain tuition and some fees was not an "educators' judgment," but rather was an arbitrary business decision.

### III. Fordham Was Unjustly Enriched

For the same reasons, the Proposed SAC also states a claim for unjust enrichment. In the Order, the Court dismissed Plaintiff's unjust enrichment claim on the grounds that "there are no facts alleged regarding tortious or fraudulent conduct," and that "Plaintiff has not identified sufficiently specific statements in connection with in-person educational services, such that the cessation of those services would lead to inequity." Order at 19-20. As explained above, the Proposed SAC plausibly alleges those specific promises, and plausibly alleges that Fordham acted in bad faith or arbitrarily when deciding to refund some fees, but retain tuition and other fees. Thus, the Proposed SAC also states a claim for unjust enrichment.

### IV. Conclusion

As Plaintiff noted in his opposition to Defendant's motion to dismiss (ECF No. 21) and in subsequent notices of supplemental authority (ECF Nos. 27, 29, 32), the vast majority of courts to consider similar motions to dismiss have denied those motions. Plaintiff respectfully submits that the Proposed SAC addresses all of the deficiencies the Court noted in its Order, and thus states a plausible claim for breach of contract and unjust enrichment. In accordance with the liberal spirit of Rule 15, the Court should grant Plaintiff leave to file the Proposed SAC.

Very truly yours,

Philip L. Fraietta

CC:   All counsel of record (via ECF)