**JacksonLewis**

**Jackson Lewis P.C.**
44 South Broadway, 14th Floor
White Plains NY  10601
(914) 872-8060 Main
(914) 946-1216 Fax
jacksonlewis.com

February 26, 2021

**VIA ECF**
Hon. Kimba M. Wood
United States District Judge
 Southern District of New York
Daniel Patrick Moynihan, U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

                                            Re:    Kareem Hassan v. Fordham University
                                                       Case No. 1:20-cv-03265-KMW-BCM

Dear Judge Wood:

      We represent Defendant Fordham University ("Fordham") in the above-referenced matter. We respectfully submit this letter in opposition to Plaintiff's February 11, 2021 letter in which he seeks leave to file a Second Amended Complaint ("SAC").  Plaintiff's proposed SAC fails for the same reason as his initial Complaint and his First Amended Complaint ("FAC") – because he does not and cannot point to any specific promise by Fordham to provide solely in-person classes for the entirety of the Spring 2020 Semester and regardless of any exigent circumstances. Moreover, Plaintiff's proposed revisions push his claims over the line into the realm of educational malpractice; a line the Court properly noted Plaintiff already approached in the FAC.  Plaintiff's proposed SAC will not withstand Defendant's motion.  Having twice failed to state sustainable claims, for many of the same reasons, Plaintiff's third attempt should be denied as futile.

### I.    *THE SAC FAILS TO STATE AN ACTIONABLE BREACH OF CONTRACT CLAIM.*

      Plaintiff's breach of contract claim still fails because the SAC still does not allege a specific promise and breach thereof.  Plaintiff's additional references to promotional statements, including describing Fordham as "in and of" New York City (SAC ¶ 12), provide no greater specificity concerning the nonexistent alleged promise that classes would be *solely* delivered in-person on campus regardless of the circumstances.  Even where Fordham's promotional materials reference its location and proximity within New York City, the fact that Plaintiff (and everyone else in the New York Metropolitan area) was restricted from engaging in certain activities otherwise associated with proximity to NYC during the pandemic for a portion of one semester of his (presumably) not less than 8 semester Fordham education does not support a promise by Fordham to only deliver all classes via the in-person on campus modality during a pandemic. Moreover, Fordham was throughout the Spring 2020 Semester, and undoubtedly remains, still in and of NYC.

                               A.    *The SAC Does Not Point To Any Specific Promise Supporting His Claim.*

      After the Court rejected Plaintiff's attempt to wring any specific promise to provide *solely* in-person classes throughout the Spring 2020 Semester from the Course Catalog, the Student Attendance portion of Fordham's Academic Policies and Procedures, and Fordham's credit transfer policy, Plaintiff now focuses his attention on: (1) a strategic plan that was not operative in 2020; (2) additional aspirational excerpts from Fordham's website; and (3) an ineffectual tweak to

**JacksonLewis**

his allegations regarding the Course Catalog. Plaintiff's additions are futile because, despite having a third opportunity to do so, he still fails to point to any specific promise by Fordham to provide solely in person classes for the entirety of the Spring 2020 Semester.

As to the Course Catalog, the Court already determined it contains no such promise. (Opinion at 10-11). Plaintiff attempts to remedy this deficiency by including an allegation that the Course Catalog also does not contain a reservation of rights. (SAC ¶ 9). An allegation regarding the absence of a specific reservation of rights plainly does not address the Court's concern that "there are no express statements promising that these aspects of a course <u>were not subject to change</u>. Nor has Plaintiff identified any statement in which Fordham '<u>relinquished its authority' to alter the modality of its course instruction</u>." (Opinion at 10-11) (emphasis added).

Plaintiff does not fare any better adding reference to a strategic plan that Fordham's Board of Trustees approved in 2016. Most importantly, Plaintiff once again fails to point to any statement within the plan (or anywhere else) where Fordham promised to provide solely on-campus classes for the entirety of the Spring 2020 Semester. Plaintiff quotes language referencing the benefits of attending school in New York City. Among other reasons, these references are insufficient because the plan is aspirational not contractual. (Opinion at 8, citing <u>Gally v. Columbia Univ.</u>, 22 F. Supp. 2d 199, 207-08 (S.D.N.Y. 1998) for the proposition that aspirational statements cannot form the basis of a contractual right in a claim against a school). Moreover, Plaintiff's citations to the strategic plan also are irrelevant since it was not even operative in 2020, and Plaintiff does not allege he was even aware of its existence when he enrolled for the Spring 2020 Semester.[1]

Finally, Plaintiff's additional references to general statements on Fordham's website about the on-campus experience also are insufficient to support his breach of contract claim because, despite the added handful of statements, none contain a promise to provide solely on-campus classes regardless of the circumstances. As the Court correctly determined with regard to the website and marketing materials referenced in the FAC, they "are 'more akin to general statements of policy' than to 'specifically designated and discrete promises' regarding 'the incidents of the forthcoming education.'" (Opinion a 11, citing <u>Ward v. New York Univ.</u>, 2000 WL 1448641, at *4 (S.D.N.Y. Sept. 28, 2000)). Moreover, any citations to portions of Fordham's website that address campus facilities and residence halls are completely irrelevant because: (1) Fordham charges the same tuition for on-campus and virtual classes; and (2) Fordham returned 50% of all fees for the Spring 2020 Semester that related in any way to access to campus facilities and residence halls.[2] Regardless, Plaintiff has no standing to pursue such claims because he did not incur those fees as a nonresident commuter student.

    **B.**     <u>***The SAC Does Not Allege An Actionable Breach***</u>.

Even if the Court is willing to strain to find that the SAC has alleged an actionable promise by Fordham, Plaintiff's proposed amendments would still be futile inasmuch as he has failed to

---

[1] Plaintiff argues the strategic plan makes his claim is similar to <u>Ford v. Rensselaer Polytechnic Inst.</u>, 2020 U.S. Dist. LEXIS 236692 (N.D.N.Y. Dec. 16, 2020) which involved an academic program that students had signed up for which <u>specifically required students to live on campus and attend in-person classes</u>. <u>Id</u>. at *3-4. Plaintiff is wrong. An academic program specifically mandating on-campus learning and residence (as in <u>Ford</u>) bears no resemblance to Fordham's general strategic plan highlighting the benefits of attending school in New York City.

[2] Plaintiff's attempt to liken Fordham's website statements to <u>Ford</u> and <u>Bergeron v. Rochester Institute of Technology.</u>, 2020 U.S. Dist. LEXIS 241125 (W.D.N.Y. Dec. 18, 2020) also fails because the <u>Bergeron</u> motion was denied primarily based on the court's finding that RIT charged different rates for in-person and virtual classes, and because RIT specifically marketed the benefits of the more expensive in-person classes. <u>See Id</u>. at 2, 15-16. Additionally, the court in <u>Bergeron</u> also found significant RIT's failure to return any portion of the various fees that were expressly earmarked to cover the costs of on-campus services. <u>See Id</u>. at 15-16.

allege arbitrary or bad faith conduct by Fordham beyond formulaic and conclusory arbitrariness. Specifically, the only non-conclusory allegation concerning arbitrariness is Plaintiff's claim that it was arbitrary for Fordham to return 50% of the residence hall activity, general, lab, and ensemble fees, while retaining the Technology Access Fee and its Health Insurance Fee. (SAC ¶ 38). The proposed amendments are futile also because, as discussed in Fordham's prior motion papers, Fordham returned all fees in any way related to campus access. There are no allegations that Fordham ceased providing technology services or health insurance benefits after the mandated shift to virtual education and services. In fact, Fordham incurred additional technology costs supporting the transition to the virtual modality, and student health insurance benefits continued for the duration. (Regardless, note that Plaintiff was not a participant in Fordham's student health plan.) Thus, as the SAC does not contain any valid allegations as to arbitrariness or bad faith, Plaintiff's proposed breach of contract amendments remain futile.

## II.     PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.

Plaintiff's proposed amendments also fail to save his unjust enrichment claim. Plaintiff has not amended his allegations specifically as they relate to his unjust enrichment claim. Instead, Plaintiff's simply argues that the changes in the other portions of the SAC also provide a valid basis for finding tortious or fraudulent conduct necessary to state a viable unjust enrichment claim. For the reasons discussed above, however, Plaintiff's proposed amendments do not even properly allege arbitrariness or bad faith, let alone a degree of misconduct necessary to support fraudulent or tortious conduct. Therefore, Plaintiff's proposed amendments with regard to unjust enrichment also should be rejected as futile.

## III.    THE PROPOSED SAC DOUBLES DOWN ON EDUCATIONAL MALPRACTICE.

Finally, in the Court's Opinion & Order granting Fordham's motion to dismiss the FAC (Doc. No. 34, "the Opinion"), the Court took issue with Plaintiff's repeated allegations that the virtual classes Fordham provided were "subpar" to in-person classes. Although the Court determined that Plaintiff's allegations regarding his claimed "subpar" learning experience did not necessarily convert his claims to prohibited educational malpractice, the Court cautioned that "[t]o the extent that adjudicating Plaintiff's claims entails evaluation of whether a course conducted remotely was less valuable than one conducted in person—and if so, by how much—the Court should decline to 'enter the classroom and determine whether or not the judgments and conduct of professional educators were deficient.'" (Opinion at 6). The Court also recognized the "serious damages issues" that would arise if the Court was required to evaluate the alleged lower value of virtual classes as compared to in-person classes. (Opinion at 18).

Plaintiff's proposed amendments in the SAC push his breach of contract and unjust enrichment claims over the line of educational malpractice which he previously straddled. Notably, although Plaintiff's amendments remove the reference to what he characterized as "subpar" learning, Plaintiff now argues that the virtual instruction "provided an educational product of less value than the in-person educational experience Plaintiff contracted and paid for." (SAC ¶ 33). Plaintiff then confirms he is seeking to recover, "the difference between the fair-market value of the online learning provided versus the fair-market value of the live, in-person instruction in a physical classroom of a physical campus." (SAC ¶ 41). These allegations will require the Court to do exactly that which it warned it would decline to do – "evaluat[e] whether a course conducted remotely was less valuable than one conducted in person—and if so, by how much." Plaintiff should not be permitted to file the proposed SAC, because his proposed breach of contract and unjust enrichment claims both constitute claims of educational malpractice.

**JacksonLewis**

Hon. Kimba M. Wood
February 26, 2021
Page 4

\* \* \* \* \*

      Based on the forgoing, Fordham respectfully requests that the Court deny Plaintiff's request to file the SAC.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/ Jonathan M. Kozak
Jonathan M. Kozak
914-872-6885
jonathan.kozak@jacksonlewis.com


cc:    All counsel of record (via ECF)

4843-6408-2396, v. 6