# BURSOR & FISHER
### P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

PHILIP L. FRAIETTA
Tel: 646.837.7150
Fax: 212.989.9163
pfraietta@bursor.com

March 5, 2021

<u>*Via ECF*</u>

The Honorable Kimba M. Wood
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Hassan v. Fordham University*, Case No. 20-cv-03265-KMW-BCM (S.D.N.Y.)

Dear Judge Wood,

I write pursuant to the Court's February 11, 2021 Order (ECF No. 36) to reply to Defendant's February 26, 2021 letter opposition (ECF No. 38, the "Opp.") to Plaintiff's February 11, 2021 letter-motion for leave to file a second amended complaint (ECF No. 35) ("Plf.'s Ltr.").

**I.   The Proposed SAC Plausibly Alleges That Fordham Promised To Provide In-Person Educational Services**

In his February 11, 2021 letter-motion, Plaintiff outlined the numerous allegations in the Proposed Second Amended Complaint (ECF No. 35-1, the "SAC") plausibly alleging that Fordham promised to provide in-person educational services.  *See* Plf.'s Ltr. at 1-2.  Nonetheless, Fordham argues that those allegations are insufficient.

First, Fordham argues that "the Court already determined [that the Course Catalog] contains no such promise," and Plaintiff's "attempt to remedy this deficiency by including an allegation that the Course Catalog does not contain a reservation of rights" fails.  Opp. at 2.  That is wrong.  In its January 28, 2021 Order, the Court held Plaintiff failed to plead that "there are no express statements promising that these aspects of a course were not subject to change."  ECF No. 34 ("MTD Order") at 10.  But now, Plaintiff has remedied that deficiency by alleging "Fordham's Course Catalog does not include a reservation of rights to unilaterally change contracted for educational services from in-person to online remote format."  SAC ¶ 9.  Judge Furman recently held that similar allegations were sufficient to state a claim.  *See In re Columbia Refund Action*, 2021 WL 790638, at *5 (S.D.N.Y. Feb. 26, 2021) (denying motion to dismiss tuition refund claim based on online course registration portal and disclaimer language).

Second, Fordham argues that Plaintiff's "reference to a strategic plan" "fails to point to any statement within the plan (or anywhere else) where Fordham promised to provide solely on-campus classes for the entirety of the Spring 2020 Semester."  Opp. at 2.  But the Strategic Plan emphasizes Fordham's New York City location and the ability for students to "learn from" New

York City's neighborhoods.  SAC ¶¶ 10-15.  These allegations are substantially similar to those which survived motions to dismiss in *Ford v. Rensselar Polytech Institute*, 2020 WL 7389155 (N.D.N.Y. Dec. 16, 2020) and most recently in *Espejo v. Cornell University*, 2021 WL 810159 (N.D.N.Y. Mar. 3, 2021).  In *Cornell*, the Court denied the university's motion to dismiss because "Cornell's mission statement … specifically defines a 'Cornell education' as including learning experiences 'in the classroom' and 'on campus.'" *Id.* at *5.  Here, similarly, Fordham describes its education as including learning experiences within its campuses and New York City.

Finally, Fordham argues that "Plaintiff's additional references to general statements on Fordham's website about the on-campus experience also are insufficient … [because] none contain a promise to provide solely on-campus classes regardless of the circumstances."  Opp. at 2.  But these statements (SAC ¶¶ 16-26), in conjunction with the Course Catalog, Strategic Plan, and other documents referenced in the SAC, support a plausible allegation that Fordham promised in-person educational services.  *See Bergeron v. Rochester Institute of Technology*, 2020 WL 7486682, at *8 (W.D.N.Y. Dec. 18, 2020) ("Plaintiffs identify a multitude of promises made by RIT regarding the benefits of its in-person, on-campus program, including opportunities to work directly with faculty in their labs, vibrant and diverse campus life, access to superior technology, and robust on-campus support.").

## II. The Proposed SAC Alleges An Actionable Breach

Fordham also argues that Plaintiff "has failed to allege arbitrary or bad faith conduct by Fordham beyond formulaic and conclusory arbitrariness."  Opp. at 2-3.  As an initial matter, Plaintiff respectfully submits that New York law does not require bad faith or arbitrariness for this type of breach of contract claim against a university.  As Judge Furman explained in *In re Columbia*, "where courts applying New York law have assessed whether an educational institution breached a specific promise to provide discrete services – as opposed to reviewing decisions involving academic standards – they generally have not inquired into whether the challenged decision was arbitrary or made in bad faith."  *In re Columbia*, 2021 WL 790638, at *7.  Thus, "there is no call for deference when a court is called upon, as this Court is here, to determine if a university breached a contract to provide specified, non-academic services."  *Id.*

Nonetheless, even if bad faith or arbitrariness was required, Plaintiff adequately alleges both in the Proposed SAC.  *See* SAC ¶¶ 36-39.  Indeed, "Fordham did not provide any reason at all as to why the University decided to refund some fees, while retaining tuition and other fees." *Id.* ¶ 39.  Specifically, Fordham refused to "refund other mandatory fees, such as its Technology Access Fee and its Health Insurance Fee." *Id.* ¶ 38.  These fees are meant to support on-campus services such as computer labs.  *Id.* ¶¶ 17, 22.  The failure to refund these fees was arbitrary and thus supports a claim for breach of contract.  *See In re Columbia*, 2021 WL 790638, at *6-8 (finding allegations that universities failed to refund fees sufficient to state a claim for breach of contract).

### III. The Proposed SAC States A Claim For Unjust Enrichment

Fordham also argues that the Proposed SAC fails to state a claim for unjust enrichment because it does "not even properly allege arbitrariness or bad faith." Opp. at 3. But that is wrong for the reasons stated in Section II, *supra*. Thus, the Proposed SAC properly states a claim for unjust enrichment in the alternative.

### IV. The Proposed SAC Does Not Allege Educational Malpractice

Finally, Fordham attempts to resurrect its failed educational malpractice argument. Opp. at 3. The Court already held that "Plaintiff's claims are not barred by the educational malpractice doctrine, because they are sufficiently grounded in whether an alleged promise for educational services was made and breached." MTD Order at 5. Since that time, Judge Furman and Judge D'Agostino have both reached the same conclusion in similar matters. *See In re Columbia*, 2021 WL 790638, at *6; *Cornell*, 2021 WL 810159, at *4 n.1.

Nonetheless, Fordham argues that by seeking "the difference between the fair-market value of the online learning provided versus the fair-market value of the live, in-person instruction in a physical classroom of a physical campus," Plaintiff's claim crosses the line into educational malpractice. Opp. at 3. But that argument has already been rejected by Judge Furman and by Judge Siragusa. *See In re Columbia*, 2021 WL 790638, at *6 ("At this stage, the Court is not persuaded that adjudicating this claim will necessarily require the Court to substitute its judgment for that of university officials.") (quotations omitted); *see also RIT*, 2020 WL 7486682, at *8 (finding that plaintiffs plausibly alleged their entitlement to "market damages"). Fordham offers no basis why this Court should rule any different.

### V. Conclusion

The Proposed SAC addresses the pleading deficiencies identified by the Court in its MTD Order. It pleads allegations which are substantially similar to those that survived motions to dismiss in *RIT*, *RPI*, *In re Columbia*, and *Cornell*. Plaintiff therefore respectfully requests that the Court grant him leave to file the Proposed SAC.

Very truly yours,

*Philip Fraietta*

Philip L. Fraietta

CC:    All counsel of record (via ECF)