UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

KAREEM HASSAN, individually and on
behalf of all others similarly situated,

                Plaintiff,

      -against-

FORDHAM UNIVERSITY,

                Defendant.
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/6/21_____

20-CV-3265 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

On January 28, 2021, the Court granted Fordham University's ("Fordham") motion to dismiss the First Amended Class Action Complaint filed by Plaintiff Kareem Hassan ("Plaintiff"). The Court permitted Plaintiff to file a letter motion seeking leave to amend. That motion was filed on February 11, along with a proposed Second Amended Class Action Complaint. For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On August 5, 2020, Plaintiff filed a First Amended Class Action Complaint ("FAC"), on behalf of "all people who paid tuition and other fees for the Spring 2020 academic semester at Fordham" and who "lost the benefit of the education for which they paid" after the COVID-19 pandemic caused Fordham to suspend in-person instruction and to begin holding classes "in an online format, with no in-person instruction." (FAC ¶¶ 1, 12, 42, ECF No. 18.) Plaintiff sought relief on four grounds: breach of contract, unjust enrichment, conversion, and money had and received.

On January 28, 2021, the Court granted Fordham's motion to dismiss, because Plaintiff had failed to state a claim as to each of these four grounds. (Jan. 28 Op., ECF No. 34.) On

February 11, Plaintiff sought leave to amend and submitted a Proposed Second Amended Class Action Complaint (the "Proposed SAC"). (Mot. at 1, Ex. A, ECF No. 35.)  The Proposed SAC seeks relief on two grounds: breach of contract and unjust enrichment.  (Proposed SAC ¶¶ 77-98.)  On February 26, Fordham filed a letter opposing Plaintiff's motion and, on March 5, Plaintiff submitted a reply.  (ECF Nos. 38, 39.)  On March 26 and March 30, respectively, Plaintiff and Defendant submitted notices of supplemental authority.  (ECF Nos. 40, 41.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts have discretion, however, to deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). An amendment will be "futile" if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6).  *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020) (quoting *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *see Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009) ("Granting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim.").

## DISCUSSION

**I.   Contract Claims**

    **A.   Standard for Pleading Breach of Contract**

As an initial matter, the Court takes this opportunity to correct one portion of its January 28 Opinion.  Interlocutory orders are "subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain."  *Grace v. Rosenstock*, 228 F.3d 40, 51 (2d Cir. 2000); *see* Fed. R. Civ. P. 54(b).  Provided a district court has jurisdiction over a

case, it possesses "inherent power" to reconsider interlocutory orders "when it is consonant with justice to do so." *Grace*, 228 F.3d at 51 (quoting *United States v. LoRusso,* 695 F.2d 45, 53 (2d Cir. 1982)); *see Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail Rigging, LLC*, 2015 WL 545565, at *2 (S.D.N.Y. Feb. 9, 2015) (Carter, J.) ("[A] district court also possesses the inherent authority to *sua sponte* reconsider its own interlocutory orders before they become final."). Because the January 28 Opinion dismissed Plaintiff's claims without prejudice and allowed Plaintiff to seek leave to amend, the Opinion is subject to such reconsideration. *See Hayden v. Feldman*, 159 F.R.D. 452, 455 n.4 (S.D.N.Y. 1995) (Sprizzo, J.) (citing *Connecticut Nat. Bank v. Fluor Corp.*, 808 F.2d 957, 960 (2d Cir. 1987)) ("Dismissal[s] without prejudice to the filing of an amended complaint are not final orders . . . .").

In the January 28 Opinion, the Court held that, in order to assert a breach of contract claim against Fordham, Plaintiff must allege that Fordham acted arbitrarily or in bad faith. (Jan. 28 Op. at 13-17.) In the Reply brief, Plaintiff cites to a February 26, 2021 decision by Judge Furman in a similar action involving Columbia University and Pace University. In that decision, Judge Furman pointed out that "where courts applying New York law have assessed whether an educational institution breached a specific promise to provide discrete services – as opposed to reviewing decisions involving academic standards – they generally have not inquired into whether the challenged decision was arbitrary or made in bad faith." *In re Columbia Refund Action*, 2021 WL 790638, at *7 (S.D.N.Y. Feb. 26, 2021) (Furman, J.).

Reconsidering this issue *sua sponte*, the Court agrees with Judge Furman's analysis. In its January 28 Opinion, the Court did not give full effect to the distinction in New York case law between decisions involving "academic" judgments left largely to the judgment of educators and those involving specific, non-academic services that a university allegedly promises to provide through the *written* publications that reflect the terms of the contract between a university and its

students.   In its January 28 Opinion, the Court held that a standard according particular deference to a decision by an educational institution is appropriate where a "university-wide transition to remote instruction reflects educators' judgments as to what may have been 'appropriate and necessary' to [Fordham's] continued existence."   (Jan. 28 Op. at 15-16, 15 n.4.)   Plaintiff does not challenge, however, whether Fordham's judgment to make this transition was appropriate.   Rather, Plaintiff alleges that the transition breached a written promise to provide in-person educational services.   (*See, e.g.*, Proposed SAC ¶¶ 26.)   If such a promise is set forth in writing in a university's publications, then the terms of that promise, and the question of whether or not it has been breached, can be evaluated by a court without judicial intrusion into the academic affairs of the university.   *See In re Columbia Refund Action*, 2021 WL 790638, at *7.

Accordingly, the Court *sua sponte* revises the analysis in its January 28 Opinion and holds that, with respect to pleading the breach element of a contract claim, Plaintiff is not required to plead that Fordham acted arbitrarily or in bad faith.   To the extent that Part II.B of the January 28 Opinion holds otherwise, it is hereby superseded.

### B. The Proposed Second Amended Complaint

Because the Proposed SAC contains at least one set of allegations that would survive a motion to dismiss, granting leave to amend would be in the interests of justice.   *See* Fed. R. Civ. P. 15(a)(2).

In its January 28 Opinion, the Court held that Plaintiff had not sufficiently pleaded that Fordham had promised to provide "certain specified services" and had not identified a "specific promise" to provide in-person education.   (Jan. 28 Op. at 13.)   The Court's analysis focused on allegations based on Fordham's course catalog, Academic Policies and Procedures, and statements regarding transfer credits, class attendance, and marketing.   (Jan. 28 Op. at 10-13.)

4

Ultimately, the Court agreed with Fordham that Plaintiff had not identified specific promises to provide "in-person educational services, experiences, opportunities, and other related services" or statements reflecting that Fordham promised to provide all classes exclusively in-person and on-campus throughout the semester. (Jan. 28 Op. at 9.) The Court further stated that there was a "lack of specificity" in the FAC with respect to non-tuition fees. (Jan. 28 Op. at 17 n.5.) Plaintiff, for example, "ha[d] not even identified the specific non-tuition fees to which the putative class may be entitled, nor alleged any statements by Fordham reflecting promises to provide services in connection with those fees." (Jan 28 Op. at 17.)

To some extent, the Proposed SAC provides greater specificity and remedies the FAC's deficiencies with respect to non-tuition fees. For example, Plaintiff now alleges that Fordham promised to provide students with access to on-campus computing, and that, on the Rose Hill campus, "[w]hen classes are not in session, most of these [computer] labs are open to all members of the University community with a valid ID." (Proposed SAC ¶ 22.) The Proposed SAC then alleges that Fordham "breached these promises once it shut down campus and transitioned to remote learning." (Proposed SAC ¶ 26.) And the Proposed SAC further alleges that, although Fordham refunded some fees, it did not refund the "Technology Access Fee." (Proposed SAC ¶ 38.) Such allegations adequately plead that Fordham promised to provide a "certain specified service[]," namely access to on-campus computer facilities. *Baldridge v. State*, 740 N.Y.S.2d 723, 725 (3d Dep't 2002) (quoting *Paladino v. Adelphi Univ.*, 454 N.Y.S.2d 868, 873 (2d Dep't 1982)).

Fordham argues that such amendments are futile, because there are no allegations that Fordham "ceased providing technology services . . . after the mandated shift to virtual education and services." (Opp'n at 3.) In fact, Fordham states that it incurred additional technology costs in connection with supporting the transition to virtual instruction. (Opp'n at 3.) At this

5

stage, however, the Court must accept as true the factual allegations in the Complaint. Those allegations, at least with respect to the Technology Access Fee, are sufficient to state a claim for breach of a specific promise to provide access to on-campus computer facilities. Whether Fordham incurred additional costs in supporting a transition to virtual instruction does not negate the existence of that promise, and the Court will not hold as a matter of law that Plaintiff suffered no damages from Fordham's retention of the Technology Access Fee.

Even though the Proposed SAC adequately states a claim with respect to at least one specific service and set of fees, however, the Court is not persuaded that Plaintiff has alleged a specific promise by Fordham to provide in-person *instruction*. The additional allegations with respect to in-person classes are based on Fordham's Continuous University Strategic Planning Plan (the "Strategic Plan"), excerpts from different portions of the Fordham website, and the allegation that Fordham's course catalog "does not include a reservation of rights to unilaterally change contracted for educational services from in-person to online remote format." (Proposed SAC ¶¶ 9-16, 23-25.) These allegations do not, however, reflect a specific promise to provide only live, in-person classes. *See, e.g.*, *Zagoria v. New York Univ.*, 2021 WL 1026511, at *4 (S.D.N.Y. Mar. 17, 2021) (Daniels, J.) (citing *Ford v. Rensselaer Polytechnic Inst.*, 2020 WL 7389155, at *3 (N.D.N.Y. Dec. 16, 2020)) (stating that a court's review of contractual claims is "circumscribed to enforcing specific promises").

First, as Fordham points out, Plaintiff has not identified any statement in the Strategic Plan or website materials in which Fordham promised to provide solely on-campus classes. (Opp'n at 2.) In addition, many of the statements in both the Strategic Plan and on Fordham's website refer in general terms to the benefits of Fordham's location in New York City. (*See, e.g.*, Proposed SAC ¶¶ 12-13.) Like those in the FAC, these statements, such as that "[Fordham's] Connection to the City Enhances Practical Learning," Proposed SAC ¶ 16, are

6

insufficient to support a claim that Fordham specifically promised to provide in-person classes. Second, the allegation that Fordham did not include a reservation of rights in its course catalog does not alter the Court's prior analysis. Analyzing Fordham's course catalog and Academic Policies and Procedures, the Court held that none of the alleged statements constituted a specific promise on Fordham's part to provide "certain specified services." (Jan. 28 Op. at 10 (citing *Baldridge v. State*, 293 A.D.2d 941, 943 (3d Dep't 2002)).) The existence or absence of a reservation of rights does not directly address that defect.

For these reasons, the Proposed SAC, to a limited extent, remedies the defects that were present in the FAC. Accordingly, Plaintiff may file a Second Amended Class Action Complaint that is consistent with the foregoing.

## II.   Unjust Enrichment Claims

Plaintiff's attempt to seek leave to amend with respect to the unjust enrichment claim is unavailing for two reasons.

First, in the January 28 Opinion, the Court held that "there [were] no facts alleged regarding tortious or fraudulent conduct." (Jan. 28 Op. at 19.) The Proposed SAC does not cure this defect. The Proposed SAC alleges, in conclusory fashion, that Fordham's "refusal to issue refunds is in bad faith" and "was also decided arbitrarily" because Fordham "issued some partial refunds for services not provided, while retaining other fees and monies paid for tuition." (Proposed SAC ¶¶ 35-37.) The Proposed SAC alleges further that, "although Fordham has refunded 50% of residence hall activity fees, 50% of general and lab fees, and 50% of ensemble fees, it has chosen not to refund other mandatory fees, such as its Technology Access Fee and its Health Insurance Fee," and that Fordham "did not provide any reason at all" as to why it made such decisions. (Proposed SAC ¶¶ 38-39.) These allegations do not rise to the level of tortious or fraudulent conduct sufficient to support an unjust enrichment claim. *See Clark v.*

7

*Daby*, 751 N.Y.S.2d 622, 643 (3d Dep't 2002) (citing *Paramount Film Distrib. Corp. v. State*, 285 N.E.2d 695, 698 (N.Y. 1972)).

Second, granting leave to amend would be futile because the unjust enrichment claims are duplicative of Plaintiff's breach of contract claims. As the New York Court of Appeals has held, "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces" a contract claim. *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). As a result, courts in this district have dismissed unjust enrichment claims when they are based—as Plaintiff's claims are—on the same factual allegations underlying the breach of contract claims, and when the parties do not dispute that they share a contractual relationship. *See In re Columbia Refund Action*, 2021 WL 790638, at *9 (collecting cases).

For these reasons, to the extent that Plaintiff seeks leave to amend with respect to the claim of unjust enrichment, that request is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is GRANTED IN PART and DENIED IN PART. Plaintiff may file a Second Amended Class Action Complaint that is consistent with this Opinion.

It is further ORDERED that:

1. Plaintiff shall submit the Second Amended Class Action Complaint on or before April 16, 2021.

2. Fordham shall file an Answer on or before May 7, 2021.

3. The parties shall confer as to the next steps in this litigation. On or before May 14, 2021, the parties shall submit a joint letter to the Court, attaching a proposed Civil Case Management Plan and Scheduling Order. The parties may refer to the Court's website for models of such documents. To the extent that the parties disagree as to

any case management issues, the joint letter shall explain the parties' respective positions.

4. Part II.B of the Court's January 28, 2021 Opinion is superseded.

5. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 35.

SO ORDERED.

Dated: New York, New York
April 6, 2021

                        */s/ Kimba M. Wood*
                         KIMBA M. WOOD
                       United States District Judge